UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-21429

AT LAW AND IN ADMIRALTY

LOUISE FERNANDEZ,

    Plaintiff,

v.

NCL (BAHAMAS) LTD d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, LOUISE FERNANDEZ, hereby sues the Defendant NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE, and files this Complaint for Damages and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff LOUISE FERNANDEZ (hereinafter "Plaintiff" or "FERNANDEZ") is *sui juris* and is a citizen of the United States of America and resident of Edison, New Jersey.

3. **THE DEFENDANT.** The Defendant NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE (hereinafter "Defendant" or "NCL") is a citizen of the foreign nation of Bermuda, is incorporated in Bermuda, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times

1

material hereto NCL owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT.** The incident occurred on July 23, 2022.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel the *NCL Pride of America,* a ship in navigable water, while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by general maritime law. Specifically, FERNANDEZ'S slip and fall occurred on the Pool Deck, Deck 11, in proximity of the South Beach Pool while the ship was in navigable waters.

9. **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee while on the vessel.

10. ***NCL PRIDE OF AMERICA* AND THE DANGEROUS CONDITION.** NCL owns and/or operates the *NCL Pride of America*. NCL is in the hospitality business. NCL's operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds. One of these areas is the Pool Deck. On each and every one of NCL's ships there is a Pool Deck. On the *NCL Pride of America* the Pool Deck is deck 11. The *NCL Pride of America*'s Pool Deck features swimming pools, hot tubs, lounge chairs, and showers on the pool deck, deck 11. Passengers exiting the pools, hot tubs, and showers throughout the day tracking water onto the surrounding decks. The pool deck opens around 8:00AM each day of the cruise. NCL knows that its pool deck is slippery when it is wet. NCL knows that pool water and/or shower water on the pool deck blends in with the floors. NCL knows that passengers may not be able to observe that the deck is wet or know the extent of the slipperiness of the wet deck. Because of all of that, NCL requires its crew members to place yellow caution signs to warn passengers about wet and slippery floors.

Therefore, NCL knew or should have known that its passengers may not know that NCL's pool deck floors can be dangerous.

11.  **DESCRIPTION OF THE INCIDENT.**  On July 23, 2022, NCL allowed a large puddle of water, at least 4 feet by 4 feet, to accumulate and remain on the pool deck, Deck 11, on board the *NCL Pride of America*. FERNANDEZ and her husband Frank Fernandez went on board the NCL *Pride of America* in July 2022 to celebrate their 50th year anniversary. At approximately 4:00 pm on July 23, 2022, on the first full day of the cruise, FERNANDEZ was walking on deck 11. FERNANDEZ was watching where she was walking. Despite that, FERNANDEZ could not see the large wet area before she slipped and fell. There were no caution signs in the walkway indicating that the floor was wet and slippery. Suddenly, FERNANDEZ' right foot slipped first and then her left foot/leg got caught on a leg of a lounge chair. Fernandez reached her left arm out to try to break her fall. FERNANDEZ fell on her left arm and landed face down on the ground hitting her mouth, chin, nose and body on the floor.

12.  FERNANDEZ reported the subject incident to NCL immediately. About 4 to 5 NCL crew members came to the scene of the incident. FERNANDEZ was taken to the medical infirmary on board the *NCL Pride of America*. X-Rays taken on board the *NCL Pride of America* showed that FERNANDEZ had sustained a fracture in the left shoulder.

13.  FERNANEZ was taken by ambulance to Queen's Medical System in Honolulu, where the ship was still currently docked, on July 23, 2022. FERNANDEZ had an EKG, MRI, and X-rays done. The X-rays and MRI confirmed she did have a fracture in her left shoulder.  She was placed in an immobilizer and discharged on July 24, 2022. FERNANDEZ experienced unbearable pain in her diaphragm, underneath both her breasts on July 31, 2022. FERNANDEZ went back to Queen's Medical System Hospital that night.  FERNANDEZ's was diagnosed with a ruptured

diaphragm. FERNANDEZ's intestines were moving around her body cavity, and she needed immediate surgery.

14. **DAMAGES**. As a result of NCL's negligence, FERNANDEZ has suffered and will continue to suffer severe and permanent injuries including but not limited to a fractured left shoulder and ruptured diaphragm. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. FERNANDEZ has suffered these losses in the past and will continue to suffer them in the future. These injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. These injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

15. **NOTICE: PRIOR SIMILAR INCIDENTS.**   Prior similar incidents show evidence that NCL had notice of the dangerous condition here. NCL documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:

    a. Passenger Barbara Stevens was injured when she slipped and fell on pool deck on board the *NCL Pride of America* on December 3, 2019. *Barbara Stevens v. Norwegian Cruise Line*, Case No.: 1:20-cv-23908-MCG.

b. Passenger Cheryl Adams was injured when she slipped and fell on pool deck on board the *NCL Pride of America* on July 30, 2019. *Cheryl Adams v. Norwegian Cruise Line*, Case No.: 1:20-cv-22900.

c. Passenger Roberta Hoppe was injured when she slipped and fell on pool deck on board the *NCL Pride of America* on January 17, 2016. *Roberta Hoppe v. Norwegian Cruise Line*, Case No.:17-cv-24693-CMA. Passenger Herbert was injured when he slipped and fell on the Lido Deck near the Red Frog Bar on board the *CCL Dream*. *Herbert v. Carnival Corporation*, Case No.: 16-cv-20289.

d. On March 19, 2011, Thomas Frasca exited to the open deck of Deck 6 on the *Pride of America* and slipped and fell on the wet deck. See *Frasca v. NCL (Bahamas), LTD., d.b.a. NCL, et al.,* 654 Fed.Appx. 949 (11th Cir. 2016). According to James Conway, the Security Officer on the *Pride of America* at the time Thomas Frasca slipped and fell, there were other individuals who had slipped and fallen on the outdoor deck where Mr. Frasca had fallen. Mr. Conway also testified that there were also individuals who had slipped and fallen on the same flooring which was used on other parts of the *Pride of America. Frasca v. Norwegian Cruise Line,* Case No.: 1:12-cv-20662.

e. Passenger Cynthia Puchat slipped and fell in a puddle while she was walking on the open deck of Deck 11 (the Aloha Deck) by the pool on the *NCL Pride of America* on March 22, 2011.

f. Sina Brand slipped and fell in a puddle while she was walking on the open deck of Deck 11 (the Aloha Deck) of *NCL Pride of America* on March 25, 2011.

16. **NOTICE: SAFETY VIDEO.**  Additional evidence that NCL had notice of the dangerous condition here is shown by the safety video. NCL states in its *Pride of America* Passenger Safety video that "outside decks will get wet from salt spray and sea air and can become very slippery." See Passenger Safety Video at 8:26. The Passenger Safety Video plays on the closed circuit TV monitors in the passenger cabins.

17. **NOTICE: FLEET SECURITY MANAGER TESTIMONY.** Additional evidence that NCL had notice of the dangerous condition here is shown by the testimony from the Fleet Security Manager. In 2013, Scott Bernstein was a security guard on *NCL Pride of America*. Currently, Scott Bernstein is the Fleet Security Manager for NCL. The Fleet Security Manager oversees NCL's 17 ships as well as the 10 Ships at NCL's subsidiary company. According to Scott Bernstein, NCL knows that the outdoor decks on its ships are slippery when wet. NCL also knows that the area of most potential slip and falls are its open decks. Because NCL knows that the outdoor decks on its ships are slippery when wet, NCL implements safety procedures for its crew to follow regarding inspecting, warning, cleaning and drying the outdoor decks.

18. **NOTICE: THE SIZE OF THE WET AREA.**  Additional evidence that NCL had notice of the dangerous condition here is shown by the size of the wet area. The wet area was at least 4 feet by 4 feet.

19. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that NCL had notice of the dangerous condition here is shown by the length of time that the condition existed. In order for the wet area to be as large as it was, the condition existed for an extended period of time.

20. **NOTICE: CREW MEMBERS IN THE VICINITY OF THE SUBJECT AREA.** Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that there were crew members in the vicinity of the subject area.

21. **NOTICE: TRAINING AND PROCEDURES AND TRAININGS.** Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area that crew members to inspect and maintain the floors in a clean and dry condition. NCL specifically trains its crew members to inspect and maintain the deck areas in a clean and dry condition. NCL's trainings and procedures instruct crew members that its floors are slippery when wet which can cause passengers to slip and fall and get injured. NCL also trains and created procedures which require crew members to place wet floor signs on walkways that become repetitively wet and/or are known to be wet. NCL created this procedure for its crew because NCL knows that without warnings, passengers may not know or be able to perceive that its floors are wet. NCL also knows that without warnings passengers may not know how slippery its floors are when wet. This shows that NCL knew or should have known that its slippery wet deck floor walkways are not an open and obvious condition.

22. **NOTICE: ON-GOING, REPEATIVE PROBLEM.** Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that conditions regularly accumulate on its floor of the open deck of Deck 11 on board the *NCL Pride of America* and are thus foreseeable conditions.

23. **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** NCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including

*Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") NCL's open decks are escape routes that NCL must maintain in a safe, clear, clean and dry condition. Upon information and belief, NCL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

24. **VICARIOUS LIABILITY.** NCL is a corporation that acts through its employees and crew members. NCL is vicariously liable and responsible for the negligent acts of its employees and shipboard crew members. Additionally, when a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. Notwithstanding that, NCL had notice of the dangerous condition as described above.

## COUNT I
## NEGLIGENT FAILURE TO MAINTAIN

25. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24, above.

26. This is an action against NCL for its negligent failure to maintain the floor on the open deck of Deck 11 onboard the *NCL Pride of America* in a safe manner.

27. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. NCL owes a duty as a common carrier to its passengers

to maintain all areas of its ship. NCL's duty of care includes maintaining the floor on the open deck of Deck 11 onboard the *NCL Pride of America* in a safe manner including the floor where FERNANDEZ slipped and fell on July 23, 2022.

28. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-23 above and incorporated herein.

29. **NCL BREACHED ITS DUTIES.** NCL breached its duty to maintain the floor on the open deck of Deck 11 on board the *NCL Pride of America* in a safe manner. NCL breached its duties to FERNANDEZ by its actions and conduct. NCL allowed a large amount of water to accumulate on the pool deck floor, on Deck 11. NCL allowed this to happen despite knowing that passengers constantly and repetitively track water onto the deck throughout the day when exiting its pools, hot tubs and showers. NCL's crewmembers allowed the water to accumulate and did not clean, dry, mop, or squeegee the water. NCL failed to regularly inspect the subject area. NCL also failed to comply with applicable industry standards, statutes, and/or regulations.

30. **PROXIMATE CAUSE.** NCL's failure to maintain the floor on the open deck of Deck 11 on board the *NCL Pride of America* in a safe manner on July 23, 2022, proximately caused FERNANDEZ's injuries. The Defendant's negligent maintenance caused a large amount of water to accumulate and remain on the deck for an extended period of time. The water made the deck unreasonably and unexpectedly wet and slippery. Had NCL properly maintained the floor on the open deck of Deck 11 on board the *NCL Pride of America* in a safe manner, FERNANDEZ would have never slipped and fell on the pool deck, on Deck 11, on the *NCL Pride of America* on July 23, 2022.

31. **DAMAGES.** As a result of NCL's negligent maintenance, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**NEGLIGENT FAILURE TO WARN**

32.     The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23, above.

33.     This is an action against NCL for its negligent failure to warn passengers, including FERNANDEZ, of its hazards, risks or dangers onboard the *NCL Pride of America.*

34.     **DUTIES OWED BY NCL.**  NCL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. NCL owes a duty of reasonable care under the circumstances. NCL's duty of care includes warning of dangerous conditions on board the *NCL Pride of America* including the floor on the open deck of Deck 11 where FERNANDEZ slipped and fell on July 23, 2022.

35.     NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-23 above and incorporated herein.

11

36. **NCL BREACHED ITS DUTIES.** NCL breached its duty to warn FERNANDEZ of the dangerous conditions onboard the *NCL Pride of America* including where FERNANDEZ slipped and fell on July 23, 2022. NCL breached its duties to the Plaintiff by its actions and conduct. NCL through its crew members failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the open deck of Deck 11 where FERNANDEZ slipped and fell on July 23, 2022. NCL and NCL's crew members failed to make audible announcements that the open deck and/or pool area floors are dangerous and can be slippery when wet. NCL's crew members failed to cordon off the open decks, or place physical barriers on the floors or otherwise to prevent access to the wet floors. NCL also failed to comply with applicable industry standards, statutes, and/or regulations.

37. **PROXIMATE CAUSE.** NCL's failure to properly warn FERNANDEZ of the dangerous conditions on board the *NCL Pride of America* including the open deck of Deck 11 where FERNANDEZ slipped and fell on July 23, 2022, proximately caused the Plaintiff's injuries. Had NCL properly warned FERNANDEZ of the dangerous condition, FERNANDEZ would have been aware of the dangerous condition. FERNANDEZ therefore would not have slipped and fell on the Pool deck floor, on Deck 11, onboard the *NCL Pride of America* on July 23, 2022

38. **DAMAGES.** As a result of NCL's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life;

all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT TRAINING OF PERSONNEL

39. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 23, above.

40. This is an action against NCL for its negligent training of shipboard crewmembers.

41. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. NCL owes a duty of reasonable care under the circumstances. NCL owes a duty as a common carrier to its passengers to train its crew members to properly inspect, clean, dry and warn of dangers known to NCL where NCL invites or reasonably expects passengers to go. NCL's duty of care includes training its crew members to inspect, clean, dry and warn passengers about dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ slipped and fell on July 23, 2022.

42. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-23 above and incorporated herein.

43. NCL should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) failed to inspect and clean and dry the subject area.

44. NCL should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn

passengers of the dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ was injured on July 23, 2022.

45. **NCL BREACHED ITS DUTIES.** NCL breached its duty of care owed to FERNANDEZ and was negligent by failing to reasonably train its crewmembers to inspect, clean, dry and warn passengers of the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ slipped and fell on July 23, 2022. NCL failed to comply with industry standards regarding how to train its crew members to inspect and maintain the flooring and warn passengers of wet floors and the dangerousness of wet floors. NCL failed to ensure the implementation or operation of its training programs described in paragraph 21 and incorporated herein.

46. At the time FERNANDEZ, fell on the open deck floor of Deck 11, the crewmembers that were responsible for warning, cleaning, drying and inspecting that area failed to do so. Because those crewmembers were not properly trained, those crewmembers failed to properly and adequately warn passengers, like FERNANDEZ, of the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ slipped and fell on July 23, 2022. Because those crewmembers were not properly trained, those crewmembers also failed to properly inspect, clean, and dry the area.

47. **PROXIMATE CAUSE.** NCL's failure to properly train its crew members proximately caused FERNANDEZ's injuries. Had NCL properly trained its crew members to inspect, clean, dry, and warn passengers about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ slipped and fell on July 23, 2022, the crewmembers would have inspected, cleaned, dried, and warned FERNANDEZ about the dangerous condition. If NCL had properly trained its crew members, the dangerous condition would not have

existed. If NCL had properly trained its crew member FERNANDEZ would have been aware of the dangerous condition. FERNANDEZ therefore would never have slipped and fell on the Pool deck floor on Deck 11 on July 23, 2022.

48.     **DAMAGES**. As a result of NCL's negligent training, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT SUPERVISION OF PERSONNEL

49.     The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 24, above.

50.     This is an action against NCL for its negligent supervision of its shipboard crewmembers.

51.     **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. NCL owes a duty of reasonable care under the circumstances. NCL owes a duty as a common carrier to its passengers to supervise its crew members to ensure the crew members are properly inspecting, cleaning, drying and warning passengers about dangers known

to NCL where NCL invites or reasonably expects passengers to go. NCL's duty of care includes supervising its crew members to ensure that the crew members are properly inspecting, cleaning, drying and warning passengers about dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ slipped and fell on July 23, 2022.

52. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-23 above and incorporated herein.

53. NCL should have become aware or could have easily discovered that it had failed to properly supervise its crew members given that the crew member(s) failed to inspect and clean and dry the subject area.

54. NCL should have become aware or could have easily discovered that it had failed to properly supervise its crew members given that the crew member(s) were failing to properly warn passengers about the dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ was injured on July 23, 2022.

55. **NCL BREACHED ITS DUTIES.** NCL breached its duty of care owed to FERNANDEZ and was negligent by failing to reasonably supervise its crew members to ensure that its crew members were properly inspecting, cleaning, drying and warning passengers of the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ slipped and fell on July 23, 2022.

56. At the time FERNANDEZ, fell on the open deck floor of Deck 11, the crewmembers that were responsible for warning, cleaning, drying and inspecting that area failed to do so. Because those crewmembers were not properly supervised, those crewmembers failed to properly and adequately warn passengers, like FERNANDEZ, about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ slipped and fell

on July 23, 2022. Because those crewmembers were not properly supervised, those crewmembers also failed to properly inspect, clean, and dry the area.

57. **PROXIMATE CAUSE.** NCL's failure to properly supervise its crew members proximately caused FERNANDEZ's injuries. Had NCL properly supervised its crewmembers to ensure that the crew members were properly inspecting, cleaning, drying, and warning passengers about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ slipped and fell on July 23, 2022, the crewmembers would have inspected, cleaned, dried, and warned FERNANDEZ about the dangerous condition. If NCL had properly supervised its crew members, the dangerous condition would not have existed. If NCL had properly supervised its crew member FERNANDEZ would have been aware of the dangerous condition. FERNANDEZ therefore would never have fallen on the Pool deck on Deck 11 on July 23, 2022.

58. **DAMAGES.** As a result of NCL's negligent supervision, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, CONSTRUCTION
## AND SELECTION OF MATERIALS

59. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 24, above.

60. This is an action against NCL for its negligent design, construction and selection of the subject flooring.

61. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. NCL owes a duty of reasonable care under the circumstances. NCL's duty to design, construct and select materials for all areas and features of its vessels, including the subject area, is part of NCL's duty of reasonable care under the circumstances. NCL had a duty to design the subject area including the flooring in a reasonably safe manner and in accordance with industry standards.

62. NCL custom designed and custom built the *NCL Pride of America* to NCL's specifications. NCL participated in and/or approved of the design of the subject area including the subject flooring. NCL participated in and/or approved of the selection of the materials for the subject area including the subject flooring. NCL participated in and/or approved of the installation of the materials for the subject area including the subject flooring. NCL chose to install this same and/or similar flooring throughout its fleet. NCL continues to repair, modify and/or install the same and/or similar flooring on all its ships, including the *NCL Pride of America*. At all times NCL had the ultimate control over the design and construction of the *NCL Pride of America*. NCL had the right to inspect both the designs on paper and the design and construction at the yard. NCL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *NCL Pride of America* including the subject

18

area and flooring.  NCL had the right to reject any and all items, designs and construction.  NCL holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved.  NCL approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that NCL has operated and maintained the ship continuously since on or about October 2000.

63. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-23 above and incorporated herein.

64. NCL knew or should have known that the open deck flooring it chose and installed on Deck 11 on the *NCL Pride of America* was unreasonably dangerous and slippery when wet.

65. NCL knew or should have known of the dangerousness of the subject area including the subject floor since their installation in 2000.

66. **NCL BREACHED ITS DUTIES.**  NCL breached its duties of care owed to FERNANDEZ and was negligent by approving, designing, constructing, and/or selecting subject area including the subject flooring for the open deck of Deck 11 on board the *NCL Pride of America.* NCL failed to design, construct, select, approve and/or select materials that complied with industry standards.  The design and/or materials NCL chose, selected, approved of, and installed for the subject area including the subject flooring on Deck 11 on board the *NCL Pride of America* was unreasonably dangerous.

67. **PROXIMATE CAUSE.** NCL's negligent design, construction, and selection of the flooring for the open deck of Deck 11 on board the *NCL Pride of America* proximately caused FERNANDEZ's injuries.  Had NCL properly designed, constructed and selected the floor of the open deck of Deck 11 on board the *NCL Pride of America,* FERNANDEZ would have never slipped and fell on July 23, 2022.

68.     **DAMAGES.** As a result of NCL's negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:     *s/ Lisa C. Goodman*
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*