UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-21429

AT LAW AND IN ADMIRALTY

LOUISE FERNANDEZ,

    Plaintiff,

v.

NCL (BAHAMAS) LTD d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.

_____/

## **AMENDED COMPLAINT FOR DAMAGES**

    The Plaintiff, LOUISE FERNANDEZ, hereby sues the Defendant NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE, and files this Amended Complaint for Damages and says:

### **THE PARTIES AND JURISDICTION**

    1.    This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

    2.    **THE PLAINTIFF.** The Plaintiff LOUISE FERNANDEZ (hereinafter "Plaintiff" or "FERNANDEZ") is *sui juris* and is a citizen of the United States of America and resident of Edison, New Jersey.

    3.    **THE DEFENDANT**. The Defendant NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE (hereinafter "Defendant" or "NCL") is a citizen of the foreign nation of Bermuda, is incorporated in Bermuda, but does business in the State of Florida, and at

1

all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto NCL owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

>(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

>(b) Had an office or agency in this state and/or county; and/or

>(c) Engaged in substantial activity within this state; and/or

>(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7.     **DATE OF THE INCIDENT.**  The incident occurred on July 23, 2022.

8.     **LOCATION OF THE INCIDENT.**   The incident occurred onboard the vessel the *NCL Pride of America,* a ship in navigable water, while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by general maritime law.  Specifically, FERNANDEZ'S trip and fall occurred on the Pool Deck, Deck 11, in proximity of the South Beach Pool while the ship was in navigable waters.

9.     **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.**  At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee while on the vessel.

10.    ***NCL PRIDE OF AMERICA* AND THE DANGEROUS CONDITION.**  NCL owns and/or operates the *NCL Pride of America*.  NCL is in the hospitality business. NCL's operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds. One of these areas is the Pool Deck. On each and every one of NCL's ships there is a Pool Deck.  On the *NCL Pride of America* the Pool Deck is deck 11. The *NCL Pride of America*'s Pool Deck features swimming pools, hot tubs, lounge chairs, and showers on the pool deck, deck 11. The pool deck opens around 8:00AM each day of the cruise. NCL offers lounge chairs on the pool deck. NCL places the lounge chairs on the deck. The lounge chairs are not secured to the floor. Because of that, the lounge chairs often move and protrude into walkways. The protruding lounge chairs create an obstacle in the walkway.

11.    **DESCRIPTION OF THE INCIDENT.**  On July 23, 2022, NCL allowed a lounge chair to partially protrude into the walkway on the pool deck, Deck 11, on board the *NCL Pride of America*. FERNANDEZ and her husband Frank Fernandez went on board the NCL *Pride of*

3

*America* in July 2022 to celebrate their 50th year anniversary. At approximately 4:00 pm on July 23, 2022, on the first full day of the cruise, FERNANDEZ was walking on deck 11. FERNANDEZ was watching where she was walking. Despite that, FERNANDEZ could not see that the leg of the lounge chair that was partially in the walkway. Suddenly, FERNANDEZ' left foot/leg got caught on a leg of a lounge chair. Fernandez reached her left arm out to try to break her fall. FERNANDEZ fell on her left arm and landed face down on the ground hitting her mouth, chin, nose and body on the floor.

12.     FERNANDEZ reported the subject incident to NCL immediately. About 4 to 5 NCL crew members came to the scene of the incident. FERNANDEZ was taken to the medical infirmary on board the *NCL Pride of America*. X-Rays taken on board the *NCL Pride of America* showed that FERNANDEZ had sustained a fracture in the left shoulder.

13.     FERNANEZ was taken by ambulance to Queen's Medical System in Honolulu, where the ship was still currently docked, on July 23, 2022. FERNANDEZ had an EKG, MRI, and X-rays done. The X-rays and MRI confirmed she did have a fracture in her left shoulder. She was placed in an immobilizer and discharged on July 24, 2022. FERNANDEZ experienced unbearable pain in her diaphragm, underneath both her breasts on July 31, 2022. FERNANDEZ went back to Queen's Medical System Hospital that night.  FERNANDEZ's was diagnosed with a ruptured diaphragm. FERNANDEZ's intestines were moving around her body cavity, and she needed immediate surgery.

14.     **DAMAGES**. As a result of NCL's negligence, FERNANDEZ has suffered and will continue to suffer severe and permanent injuries including but not limited to a fractured left shoulder and ruptured diaphragm. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. FERNANDEZ has suffered these

4

losses in the past and will continue to suffer them in the future. These injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. These injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

15. **NOTICE: PRIOR SIMILAR INCIDENTS.** Prior similar incidents show evidence that NCL had notice of the dangerous condition here. NCL documents trip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of trip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:

   a. Passenger Purificacion Caoili tripped on a leg of a lounge chair on board the *NCL Gem* on September 7, 2021. *Purificacion Caoili v. Norwegian Cruise Line*, Case No.: 1:22-cv-21444.

   b. Passenger Michael Pezoldt tripped on a leg of a lounge chair on board the *NCL Bliss* on August 16, 2022. *Pezoldt v. NCL (Bahamas) Ltd.*, Case No.: 22-cv-22172-CMA.

   c. Passenger Mary Parkerson tripped on a leg of a lounge chair on board the *NCL Escape* on October 22, 2022. *Mary Parkerson v. Norwegian Cruise Line*, Case No.: 1:23-cv-20322.

16. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.**
Additional evidence that NCL had notice of the dangerous condition here is shown by the length

of time that the condition existed. The incident occurred at approximately 4:00pm. Passengers had been utilizing the pool deck for many hours.

17. **NOTICE: CREW MEMBERS IN THE VICINITY OF THE SUBJECT AREA.** Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that there were crew members in the vicinity of the subject area.

18. **NOTICE: TRAINING AND PROCEDURES AND TRAININGS.** Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area that require crew members to inspect and maintain the floors in a safe condition. Part of maintaining the floor and walkways in a safe condition requires crewmembers to remove obstacles from the floor and walkways. NCL specifically trains its crew members to inspect and maintain the deck areas in a safe condition. NCL's trainings and procedures instruct crew members to remove obstacles in the walkways which can cause passengers to trip and fall and get injured.

19. **NOTICE: ON-GOING, REPEATIVE PROBLEM.** Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that lounge chairs regularly protrude into the walkways of the open deck of Deck 11 on board the *NCL Pride of America* and are thus foreseeable conditions.

20. **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** NCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") NCL's open decks are escape

routes that NCL must maintain in a safe condition clear of obstacles. Upon information and belief, NCL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

## COUNT I
## NEGLIGENT FAILURE TO MAINTAIN

21. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 20, above.

22. This is an action against NCL for its negligent failure to maintain the floor on the open deck of Deck 11 onboard the *NCL Pride of America* in a safe manner.

23. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. NCL owes a duty as a common carrier to its passengers to maintain all areas of its ship. NCL's duty of care includes maintaining the floor on the open deck of Deck 11 onboard the *NCL Pride of America* in a safe manner including the floor where FERNANDEZ tripped and fell on July 23, 2022.

24. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-20 above and incorporated herein.

25. **NCL BREACHED ITS DUTIES.** NCL breached its duty to maintain the floor on the open deck of Deck 11 on board the *NCL Pride of America* in a safe manner. NCL breached its duties to FERNANDEZ by its actions and conduct. NCL allowed a lounge chair to protrude

into the walkway on the open deck of Deck 11 on board the *NCL Pride of America*. NCL failed to regularly inspect the subject area. NCL failed to inspect that the lounge chairs were properly lined up so that none of the chairs protruded into the walkway. NCL failed to eliminate obstacles from the walkway of the open deck of Deck 11 on board the *NCL Pride of America*. NCL also failed to comply with applicable industry standards, statutes, and/or regulations.

26. **PROXIMATE CAUSE.** NCL's failure to maintain the floor on the open deck of Deck 11 on board the *NCL Pride of America* in a safe manner on July 23, 2022, proximately caused FERNANDEZ's injuries. The Defendant's negligent maintenance caused there to be a dangerous obstacle in the walkway. Had NCL properly maintained the floor on the open deck of Deck 11 on board the *NCL Pride of America* in a safe manner, FERNANDEZ would have never tripped and fell on the pool deck, on Deck 11, on the *NCL Pride of America* on July 23, 2022.

27. **DAMAGES.** As a result of NCL's negligent maintenance, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN

28. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 20, above.

29. This is an action against NCL for its negligent failure to warn passengers, including FERNANDEZ, of its hazards, risks or dangers onboard the *NCL Pride of America*.

30. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. NCL owes a duty of reasonable care under the circumstances. NCL's duty of care includes warning of dangerous conditions on board the *NCL Pride of America* including the floor on the open deck of Deck 11 where FERNANDEZ tripped and fell on July 23, 2022.

31. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-20 above and incorporated herein.

32. **NCL BREACHED ITS DUTIES.** NCL breached its duty to warn FERNANDEZ of the dangerous conditions onboard the *NCL Pride of America* including where FERNANDEZ tripped and fell on July 23, 2022. NCL breached its duties to the Plaintiff by its actions and conduct. NCL failed to warn passengers that lounge chairs specifically the legs of the lounge chairs protrude into the walkway thereby creating a dangerous obstacle. NCL through its crew members failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the open deck of Deck 11 where FERNANDEZ tripped and fell on July 23, 2022. NCL also failed to comply with applicable industry standards, statutes, and/or regulations.

33. **PROXIMATE CAUSE.** NCL's failure to properly warn FERNANDEZ of the dangerous conditions on board the *NCL Pride of America* including the open deck of Deck 11 where FERNANDEZ tripped and fell on July 23, 2022, proximately caused the Plaintiff's injuries. Had NCL properly warned FERNANDEZ of the dangerous condition, FERNANDEZ would have been aware of the dangerous condition. FERNANDEZ therefore would not have tripped and fell on the Pool deck floor, on Deck 11, onboard the *NCL Pride of America* on July 23, 2022

34. **DAMAGES.** As a result of NCL's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT TRAINING OF PERSONNEL

35. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 20, above.

36. This is an action against NCL for its negligent training of shipboard crewmembers.

37. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. NCL owes a duty of reasonable care under the circumstances. NCL owes

a duty as a common carrier to its passengers to train its crew members to properly inspect, maintain, eliminate and warn about dangers known to NCL where NCL invites or reasonably expects passengers to go. NCL's duty of care includes training its crew members to inspect, maintain, eliminate, and warn passengers about dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ tripped and fell on July 23, 2022.

38.     NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-20 above and incorporated herein.

39.     NCL should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) failed to inspect and maintain the subject area and failed to eliminate the obstacle in the walkway.

40.     NCL should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of the dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ was injured on July 23, 2022.

41.     **NCL BREACHED ITS DUTIES.** NCL breached its duty of care owed to FERNANDEZ and was negligent by failing to reasonably train its crewmembers to inspect, maintain, eliminate, and warn passengers about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ tripped and fell on July 23, 2022. NCL failed to comply with industry standards regarding how to train its crew members to inspect and maintain the walkway. NCL failed to train its crew members to eliminate the obstacle from the walkway. NCL failed to ensure the implementation or operation of its training programs described in paragraph 18 and incorporated herein.

42. At the time FERNANDEZ, fell on the open deck floor of Deck 11, the crewmembers that were responsible for inspecting, maintaining, and eliminating the dangerous condition in the subject area failed to do so. Because those crewmembers were not properly trained, those crewmembers failed to properly and adequately warn passengers, like FERNANDEZ, of the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ tripped and fell on July 23, 2022. Because those crewmembers were not properly trained, those crewmembers also failed to properly inspect, maintain and eliminate the obstacle in the walkway.

43. **PROXIMATE CAUSE.** NCL's failure to properly train its crew members proximately caused FERNANDEZ's injuries. Had NCL properly trained its crew members to inspect, maintain, eliminate, and warn passengers about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ tripped and fell on July 23, 2022, the crewmembers would have inspected, maintained, eliminated, and warned FERNANDEZ about the dangerous condition. If NCL had properly trained its crew members, the dangerous condition would not have existed. If NCL had properly trained its crew member FERNANDEZ would have been aware of the dangerous condition. FERNANDEZ therefore would never have tripped and fell on the Pool deck floor on Deck 11 on July 23, 2022.

44. **DAMAGES**. As a result of NCL's negligent training, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment,

scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT SUPERVISION OF PERSONNEL

45. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 20, above.

46. This is an action against NCL for its negligent supervision of its shipboard crewmembers.

47. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. NCL owes a duty of reasonable care under the circumstances. NCL owes a duty as a common carrier to its passengers to supervise its crew members to ensure the crew members are properly inspecting, maintaining, eliminating, and warning passengers about dangers known to NCL where NCL invites or reasonably expects passengers to go. NCL's duty of care includes supervising its crew members to ensure that the crew members are properly inspecting, maintaining, eliminating, and warning passengers about dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ tripped and fell on July 23, 2022.

48. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-20 above and incorporated herein.

49. NCL should have become aware or could have easily discovered that it had failed to properly supervise its crew members given that the crew member(s) failed to inspect and maintain the subject area and failed to eliminate the obstacle in the walkway.

50. NCL should have become aware or could have easily discovered that it had failed to properly supervise its crew members given that the crew member(s) were failing to properly warn passengers about the dangerous conditions on board the *NCL Pride of America* including where FERNANDEZ was injured on July 23, 2022.

51. **NCL BREACHED ITS DUTIES.** NCL breached its duty of care owed to FERNANDEZ and was negligent by failing to reasonably supervise its crew members to ensure that its crew members were properly inspecting, maintaining, eliminating, and warning passengers of the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ tripped and fell on July 23, 2022.

52. At the time FERNANDEZ, fell on the open deck floor of Deck 11, the crewmembers that were responsible for inspecting, maintaining, and eliminating the dangerous condition in the subject area failed to do so. Because those crewmembers were not properly supervised, those crewmembers failed to properly and adequately warn passengers, like FERNANDEZ, about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ tripped and fell on July 23, 2022. Because those crewmembers were not properly supervised, those crewmembers also failed to properly inspect, maintain and eliminate the obstacle in the walkway.

53. **PROXIMATE CAUSE.** NCL's failure to properly supervise its crew members proximately caused FERNANDEZ's injuries. Had NCL properly supervised its crewmembers to ensure that the crew members were properly inspecting, maintaining, eliminating, and warning passengers about the dangerous conditions on board the *NCL Pride of America* including the subject area where FERNANDEZ tripped and fell on July 23, 2022, the crewmembers would have inspected, maintained, eliminated, and warned FERNANDEZ about the dangerous condition. If NCL

had properly supervised its crew members, the dangerous condition would not have existed. If NCL had properly supervised its crew member FERNANDEZ would have been aware of the dangerous condition. FERNANDEZ therefore would never have fallen on the Pool deck on Deck 11 on July 23, 2022.

54. **DAMAGES.** As a result of NCL's negligent supervision, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, AND SELECTION OF MATERIALS

55. The Plaintiff, FERNANDEZ, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 20, above.

56. This is an action against NCL for its negligent design, and selection of materials for the subject area.

57. **DUTIES OWED BY NCL.** NCL owes a duty to exercise reasonable care for the safety of its passengers. NCL owes a duty of reasonable care under the circumstances. NCL's duty to design, select materials for all areas and features of its vessels, including the subject area, is part

15

of NCL's duty of reasonable care under the circumstances.  NCL had a duty to design the subject area in a reasonably safe manner and in accordance with industry standards.

58. NCL custom designed and custom built the *NCL Pride of America* to NCL's specifications. NCL participated in and/or approved of the design of the subject area including the subject flooring. NCL participated in and/or approved of the selection of the materials for the subject area including the subject flooring. NCL participated in and/or approved of the installation of the materials for the subject area including the subject flooring. NCL chose to install this same and/or similar flooring throughout its fleet.  NCL continues to repair, modify and/or install the same and/or similar flooring on all its ships, including the *NCL Pride of America*.  At all times NCL had the ultimate control over the design and construction of the *NCL Pride of America*.  NCL had the right to inspect both the designs on paper and the design and construction at the yard. NCL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *NCL Pride of America* including the subject area and flooring.  NCL had the right to reject any and all items, designs and construction.  NCL holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved.  NCL approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that NCL has operated and maintained the ship continuously since on or about October 2000.

59. NCL selected, approved of, chose, and provided lounge chairs on the pool deck on board the *NCL Pride of America.* NCL designed the layout of the lounge chairs on the pool deck on board the *NCL Pride of America.* NCL placed the lounge chairs on the pool deck on board the *NCL Pride of America.*

60. NCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 15-20 above and incorporated herein.

61. NCL knew or should have known that the lounge chairs the cruise line selected, approved of, chose, and provided passengers to use on Deck 11 on the *NCL Pride of America* was unreasonably dangerous. The lounge chairs and the legs of the lounge chairs would protrude into the walkways. When the lounge chairs and the legs of the lounge chairs protrude into the walkway this creates an obstacle and a dangerous condition.

62. **NCL BREACHED ITS DUTIES.** NCL breached its duties of care owed to FERNANDEZ. NCL was negligent by choosing, approving, and/or selecting the subject lounge chairs on the open deck of Deck 11 on board the *NCL Pride of America.* NCL was negligent by failing to design and place the lounge chairs on the pool deck in a manner that would prevent the lounge chairs from protruding into the walkways. NCL failed to secure the lounge chairs to the deck to prevent the lounge chairs from moving and protruding into the walkway. NCL failed to install reasonable safety measures. NCL failed to design, select, approve and/or select materials that complied with industry standards. The design and/or materials NCL chose, selected, approved of, and provided in the subject area including the lounge chairs on Deck 11 on board the *NCL Pride of America* was unreasonably dangerous.

63. **PROXIMATE CAUSE.** NCL's negligent design, and selection of materials for the open deck of Deck 11 on board the *NCL Pride of America* proximately caused FERNANDEZ's injuries. Had NCL properly designed, and selected the materials for the open deck of Deck 11 on board the *NCL Pride of America,* FERNANDEZ would have never tripped and fell on July 23, 2022. Had NCL properly secured the lounge chairs to the deck, the lounge chairs and the legs of

the lounge chairs would not have been able to protrude into the walkway. Had NCL installed reasonable safety measures, FERNANDEZ would have never tripped and fell on July 23, 2022.

64. **DAMAGES.** As a result of NCL's negligent design, and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 14 and incorporated herein.

WHEREFORE, the Plaintiff, FERNANDEZ, demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ Lisa C. Goodman*
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 16th day of August 2023. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: _s/_ *Lisa C. Goodman* _____
    Lisa C. Goodman, Esq. (FBN 118698)
    E: lgoodman@hickeylawfirm.com

**SERVICE LIST**

LOUISE FERNANDEZ V. NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE

CASE NO. 23-21429-CIV-ALTONAGA/Damian

| **John H. Hickey, Esq.** (FBN 305081) <br> hickey@hickeylawfirm.com <br> federalcourtfilings@hickeylawfirm.com <br> **Lisa C. Goodman, Esq.** (FBN 118698) <br> lgoodman@hickeylawfirm.com <br> tlantigua@hickeylawfirm.com <br> **Hickey Law Firm, P.A.** <br> 1401 Brickell Avenue, Suite 510 <br> Miami, FL  33131 <br> Tel. (305) 371-8000 <br> Fax: (305) 371-3542 <br> *Counsel for Plaintiff* | **Todd L. Sussman** (FBN 84729) <br> tsussman@nclcorp.com <br> Joanna Jara <br> jjara@nclcorp.com <br> **NCL (BAHAMAS) LTD** <br> 7300 Corporate Center Drive <br> Miami, FL 33126 <br> Tel. (305) 436-4653 <br> Fax. (305) 468-2132 <br> *Counsel for Defendant* |